[Cite as *Defiance v. Ford*, 2014-Ohio-5627.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

CITY OF DEFIANCE,

    PLAINTIFF-APPELLEE,               CASE NO.  4-14-07

    v.

WILLIAM E. FORD,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Defiance Municipal Court

Trial Court No. TRD 1400528 A&B

**Judgment Affirmed**

Date of Decision:   December 22, 2014

APPEARANCES:

    *Ian A. Weber* **for Appellant**

    *David A. Land*  **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant William E. Ford ("Ford") appeals the July 8, 2014 judgment of the Defiance Municipal Court sentencing Ford to pay a $500 fine and court costs, with $400 of the fine suspended, after Ford was found guilty in a bench trial of Failure to Control in violation of Defiance City Ordinance No. 331.34, a minor misdemeanor, and Failure to Reinstate in violation of Defiance City Ordinance 335.073, an unclassified misdemeanor.

{¶2} The facts relevant to this appeal are as follows. On February 20, 2014, Ford was involved in a traffic accident in the city of Defiance. As a result of the accident, Ford was cited for Failure to Control in violation of Defiance City Ordinance No. 331.34, a minor misdemeanor, and Failure to Reinstate his license in violation of Defiance City Ordinance 335.073, an unclassified misdemeanor. On February 24, 2014, Ford was arraigned and pled not guilty to the charges.

{¶3} A pretrial hearing was held March 11, 2014, and a second pretrial hearing was scheduled for April 22, 2014, but Ford requested that the hearing be continued due to a scheduling conflict. The second pretrial hearing was thus held April 24, 2014. Following the second pretrial hearing, the case was set for a change of plea hearing on June 25, 2014.

{¶4} On June 25, 2014, Ford failed to appear for his scheduled change of plea hearing and a bench warrant was issued.

{¶5} On June 27, 2014, the trial court held a hearing on whether Ford should be found in contempt and the court ultimately did not hold Ford in contempt. In addition, Ford informed the court in writing that he no longer wished to change his plea, so the matter was set for trial on July 7, 2014. The court explicitly notified Ford at that time that if he wished to get an attorney, he needed to notify the attorney that the trial would proceed on July 7, 2014 and Ford indicated that he understood.

{¶6} On July 1, 2014, an attorney filed an entry of appearance as Ford's counsel. (Doc. 17). The attorney also filed a request for discovery, and a motion to continue the trial date. (Docs. 20, 18). The motion to continue stated that the attorney had previously scheduled hearings on July 7, 2014, and that as the attorney was recently retained, he would not be prepared for trial at the currently scheduled date and time. (Doc. 18).

{¶7} On July 1, 2014, the trial court filed an entry denying Ford's attorney's request for a continuance. (Doc. 19).

{¶8} On July 7, 2014, Ford's attorney wrote a letter to the court requesting that the court reconsider its decision on Ford's motion to continue. (Doc. 26). Ford's attorney stated that he would be in Henry County Juvenile Court at the date and time of the scheduled trial. (*Id.*) Ford's attorney also attached the notice of his appearance to the letter. (*Id.*) In addition, Ford's attorney contended that even

if he could attend the trial, he would not be prepared as he had not received discovery from the City. (*Id*.)

{¶9} On July 7, 2014, the case proceeded to trial. The trial court began by giving a procedural history of the case and then mentioned Ford's attorney's letter requesting the trial court to reconsider the continuance motion. (Tr. at 15). The trial court then asked Ford, who appeared without counsel, whether he informed his attorney that the July 7, 2014 trial date was firm. (*Id*.) Ford indicated that he did not because he did not understand. (*Id*.) The court then stated that it would proceed with the trial and Ford represented himself under protest.

{¶10} The trial then commenced and the City of Defiance called its first witness, Brianna Newton. Newton testified that she was driving on February 20, 2014 in Defiance and that it was icy and slippery outside. Newton testified that she was slowing down to stop at a stoplight and she was struck in the back rear bumper by Ford. Newton testified that they both pulled into the nearby church parking lot and Ford called the police. Newton testified she stayed in her car until the police arrived. Ford asked no questions of Newton on cross-examination.

{¶11} The City of Defiance then called Lieutenant Matthew Martinez of the Defiance City Police. Lieutenant Martinez testified that he responded to the call regarding the accident. Lieutenant Martinez testified that he spoke with both Newton and Ford. Lieutenant Martinez testified that Ford admitted being at fault

at that time and gave a written statement indicating that he was at fault for the accident. (Tr. at 24).

{¶12} Lieutenant Martinez testified that he checked both Newton and Ford's driving information on his computer and found that Ford was "under suspension." (Tr. at 24). Lieutenant Martinez testified that he spoke with Ford about being under suspension and Ford indicated that he was aware of his status, adding that there were problems with the Michigan Motor Vehicle Department. The City introduced Ford's certified driving record indicating that Ford had failed to reinstate his license, as identified by Lieutenant Martinez. Lieutenant Martinez testified that he charged Ford with Failure to Control and Failure to Reinstate. Ford asked no questions of Lieutenant Martinez on cross-examination.

{¶13} At the conclusion of Lieutenant Martinez's testimony, the City of Defiance rested. The trial court ultimately found Ford guilty of both Failure to Reinstate and Failure to Control. The court sentenced Ford to pay a $500 fine, with $400 suspended on the Failure to Reinstate, and ordered no fine with regard to the Failure to Control charge. Ford was also ordered to pay court costs. Judgment entries reflecting these sentences were filed July 8, 2014.

{¶14} It is from these judgments that Ford appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THE TRIAL COURT ABUSED ITS DISCRETION IN DENY[ING] WILLIAM FORD'S MOTION TO CONTINUE DUE TO HIS COUNSEL HAVING A SCHEDULING CONFLICT AND BEING UNABLE TO ATTEND THE BENCH TRIAL.**

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CITING SPECIFIC REASONS FOR DENYING WILLIAM E. FORD'S MOTION TO CONTINUE THE BENCH TRIAL OR NOT HOLDING AN EVIDENTIARY HEARING AS TO WHY THE CONTINUANCE WAS NEEDED.**

**ASSIGNMENT OF ERROR 3**
**THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING A CONTINUANCE DUE TO THE FACT COUNSEL FOR WILLIAM E. FORD WAS NOT PREPARED FOR THE TRIAL DUE TO THE FACT COUNSEL FOR WILLIAM E. FORD DID NOT RECEIVE DISCOVERY ON THE CASE FROM THE CITY OF DEFIANCE UNTIL JULY 7, 2014 THE DATE OF THE BENCH TRIAL.**

{¶15} As the discussion of the first and third assignments of error is interrelated, we elect to address those assignments of error together.

*First and Third Assignments of Error*

{¶16} In his first and third assignments of error, Ford argues that the trial court abused its discretion by denying his motion for a continuance. Specifically, in Ford's first assignment of error he argues that his attorney had a scheduling conflict and was unable to attend the bench trial. In Ford's third assignment of error, Ford argues that even if his attorney could have attended the bench trial, he

would have been unprepared as he had not received discovery until the date of the bench trial.

{¶17} "An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger,* 67 Ohio St.2d 65, 67 (1981). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶18} The Supreme Court of Ohio has recognized: " 'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " *Unger* at 67, quoting *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964). "Weighed against any potential prejudice to a defendant are concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." *State v. Unger,* 67 Ohio St.2d 65, 67 (1981). In evaluating a motion for a continuance, a court should consider (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the

circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *Id.* at 67–68.

**{¶19}** In this case, Ford was originally charged in February of 2014 and had two pretrial hearings, one in March of 2014, and another in April of 2014. The second pretrial hearing was delayed on Ford's request to continue the original date. After the second pretrial hearing, the case was set for a change of plea hearing in June of 2014. Ford failed to appear at this hearing and a bench warrant was issued. Ford subsequently came to the court and the court held a hearing on whether Ford should be found in contempt. At that hearing, Ford expressed why he did not attend the scheduled change of plea hearing, and then expressed his desire to proceed to trial in the following conversation with the trial court.

> **COURT: This is * * * City of Defiance versus William E. Ford. Sir, you missed your * * * Court date for June 25th, for a change of plea. We had issued a warrant already, when you appeared and posted bond on that, and you are appearing today to show cause why you shouldn't be held in contempt. What happened on that?**
>
> **DEFENDANT: You know, Your Honor, I put it in my calendar for the 26th. I have no excuse. I apologize. It was in my head, and then what happened, is I got out, I was getting my paperwork around for Court the next day. I looked at it, it was 2:30, 2:15, and I rushed right down here to--**
>
> **COURT: Okay, well, I mean that happens. I mean, so you have a bond posted and everything, so that's fine. So I'm not going to find you in contempt.**

**DEFENDANT:  Thank you.**

**COURT:  That's fine.  So you were set for a change of plea, but I guess when you appeared then, you indicated you no longer wish to enter a change of plea.  Is that correct?**

**DEFENDANT:  Correct, Your Honor.  Where, I'm on a time constraint.  I'm at the final stages of getting my license reinstated in Michigan.**

**COURT:  Okay.**

**DEFENDANT:  And any travel, any motor or driving convictions, by state law in Michigan, I can't reapply again for five years.  So we're trying, Mr. Land[1] and I have been working together to push that, and we thought it would all be done by that date, but a clerical error, somebody put the wrong date on a piece of paper and my attorney[2] didn't catch it.  So it's been pushed back.  The date's been pushed back.**

**COURT:  Well, this has been pending since February.**

**DEFENDANT:  I've been in this process, Your Honor, for over two years, to get my license back in Michigan.**

**COURT:  So you need to go to trial, then?**

**DEFENDANT:  Yes, sir.**

**COURT:  Alright.  So we'll continue this until July 7th at 1: p.m., for a trial to the Court.  *Should you wish to have counsel, make sure you tell them when that is.***

**DEFENDANT:  *I will, Your Honor.***

---

[1] Mr. Land was the Assistant City Law Director prosecuting the case.

[2] The attorney Ford references here is an attorney Ford had hired in Michigan to try and get his license reinstated there. Up to this point, Ford had proceeded *pro se* in this case.

> **COURT:** *Because they'll have to know that it's coming up and they have to be ready to be here on that date and time.*
>
> **DEFENDANT:** *Yes sir.*
>
> **COURT:** **So your bond will continue for your appearance on July 7th at 1:00** *for the trial.* *Make sure you have any witnesses or anything necessary at that time.*
>
> **DEFENDANT:** *Yes sir.*
>
> **COURT: Okay?**
>
> **DEFENDANT: Yes sir.**
>
> **COURT: Alright, sir, any other questions at all?**
>
> **DEFENDANT: No sir.**

(Emphasis added). (Tr. at 10-11).

{¶20} Ford's trial was thus set for July 7, 2014. On July 1, 2014, an attorney filed a notice of appearance on behalf of Ford, a request for discovery, and a motion for continuance. The motion indicated that the attorney had to be in court elsewhere on July 7, 2014 at 1:00 p.m. The trial court denied the request for continuance the same day it was filed.

{¶21} On July 7, 2014, on the morning of the scheduled trial, the attorney filed a letter with the trial court requesting that the court reconsider its position on the motion to continue. The letter stated not only that the attorney had a

-10-

preexisting court appearance and was unavailable, but also that he had still not received discovery and would be unprepared for trial even if he could attend.

{¶22} The trial court addressed the attorney's letter to reconsider at the beginning of Ford's trial.

> **COURT:  \* \* \* Case Number TR14-528 A and B.  It is the City of Defiance versus William E. Ford.  Mr. Ford is present,** *pro se.* **Mr. Land, Assistant City Law Director, is present on behalf of the City of Defiance.**
>
> **{¶23} This was set for trial today's date and time.**
>
> **[Court then gave a summary of the proceedings up to that point]**
>
> **\* \* \***
>
> **On June 25th at 1:00 p.m., scheduled for the change of plea, Defendant failed to appear and a bench warrant was therefore Ordered.  It appears that Mr. Ford appeared later that day, the bench warrant was served, and at that time the bench warrant was served, he stated in writing to the Court that he no longer wanted to change his plea and requested a trial.  \* \* \* He posted bond and then appeared June 27th on the warrant, for a show cause hearing for failing to appear.  There was no contempt issued and we continued the matter until today's date for trial.  Mr. Ford was admonished at that time that if he wished the services of an attorney, he should specify that this was a firm date for trial and to advise any attorney that he might potentially have of that fact.**
>
> **On July 1st the Court received an Entry of Appearance from Attorney Ian Weber.  He also filed a Motion for Continuance at that time due to just being hired and not being prepared for trial on July 7th.**

-11-

**I guess I have to ask you, did you tell Mr. Weber that was a firm date, that I told you to tell your attorney that, "Hey, this is the date that we're going forward"?**

**DEFENDANT: Yes sir, I did tell him that my trial date was July 7th.**

**COURT: And did you tell him that was by the Court that he should be notified that was not going to be continued?**

**DEFENDANT: I did not, I did not, sir, no. I did not understand that was—I did not understand--**

**COURT: You didn't understand that. Okay, well. What we have here is a failure to communicate, because Mr. Weber, the first thing he did was file a Motion for a Continuance. That Motion was denied. Because this is the firm trial date, as I specified earlier and told you to advise your counsel of. So I denied that. Mr. Weber writes me a letter today and asks for a reconsideration, stating, "Hey, I told you I wasn't ready, and even if I didn't have a conflict in another Court I couldn't be ready because I didn't have enough time." That's why I told you to tell the attorney, make sure they understood what was going on. So, we're ready for trial.**

**DEFENDANT: Yes sir.**

**COURT: Are you going to represent yourself?**

**DEFENDANT: No sir.**

**COURT: What are you going to do?**

**DEFENDANT: I don't feel I can provide an adequate defense without my attorney present, sir.**

**COURT: This is the day. You're not entitled to counsel by appointment of the Court, because these are misdemeanors. It's a minor misdemeanor and an unclassified misdemeanor.**

-12-

**There's no hope of jail time at all. So therefore, you're, it's up to you to get your own counsel.**

**DEFENDANT: Yes sir.**

**COURT: I told you what to do with it. You didn't do it.**

**DEFENDANT: I hired the attorney the day—I walked out of here that day and hired the attorney that day.**

**COURT: And I told you to make sure he knows, or she knows, that is the date it's going. And had you told Mr. Weber that, "Mr. Weber, the Judge says there's not going to be a continuance. This is the trial date." He would have said, "I'm sorry, sir, I can't help you because I'm in another Court that day." But it's another effort on your part to delay. You've been delaying the whole time. This has been four and a half months. March, April, May, June, now we're in July. That's why I'm tired of the continued delay and messing with my schedule. Messing with my docket. That's why I told you, "Hey, make sure you tell any counsel you intend to hire that this is the day. That is the day it's going." And here we are.**

**\* \* \***

**[The Court then explained to Ford the process of the trial and how it would proceed].**

**COURT: [Prosecutor] are you ready to proceed?**

**[PROSECUTOR]: Yes, Your Honor.**

**COURT: And Mr. Ford, you're saying you're going to proceed under protest, I take it.**

**DEFENDANT: Yes sir.**

**COURT: That's fine. \* \* \***

(Tr. at 14-17).

{¶24} The trial court's dialogue with Ford indicates that the court was concerned with several of the factors the Ohio Supreme Court listed in *Unger*, *supra*, that a trial court should consider when evaluating a motion to continue. The trial court was clearly concerned with the administration of its docket, the long delay in adjudication of a minor misdemeanor and an unclassified misdemeanor, and the fact that the need for a further continuance was the result of Ford not informing his hired counsel that the trial date was firm, as the court had previously expressed to Ford.

{¶25} The dialogue establishes that Ford's need for a continuance was entirely created by Ford. Ford was specifically informed by the trial court that if he was going to get an attorney, he needed to find one who was available for the scheduled trial date. Ford's only effort to this end was to secure an attorney that had a preexisting conflict with the time of trial.

{¶26} In addition to the expressed reasons of why the trial court elected to proceed with the trial and deny the motion to continue, we would also note that Ford had been previously granted a continuance for a pretrial hearing, and that Ford's attorney's continuance motion made no assertion as to how long a continuance would be necessary. Moreover, Ford was charged with the traffic-

related crimes in February of 2014 and he proceeded *pro se* until six days before the July 7, 2014 trial date when he hired an attorney and his attorney filed a notice of appearance on July 1. Thus all or nearly all of the factors in *Unger* weigh against Ford.

{¶27} As to Ford's claims that his counsel would not have been prepared even if he had been available due to not receiving discovery, there is no clear indication from the record as to what information Ford was lacking or how he was ultimately prejudiced. In fact, Ford's counsel did receive discovery on the day of trial but Ford's request for discovery was only made six days prior to trial despite his case pending for over four months.[3]

{¶28} Notwithstanding the timing of Ford's discovery demand, Ford is unable to establish any resulting prejudice from receiving discovery on the day of trial as the trial transcript established that Ford not only crashed into a woman's car, but that he admitted being culpable for the crash to the Lieutenant who responded to the scene. In addition, Ford's driving record, which was entered into evidence, established that he had failed to reinstate his license, and he admitted as much to the Lieutenant at the scene. Therefore, the evidence against Ford was undisputed and overwhelming, and it is not apparent that he had a defense at all to

---

[3] Arguably Ford's demand did not even comply with Criminal Rule 16(M), which requires a defendant to demand discovery "within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, or at such reasonable time later as the court may permit."

-15-

the charges. The discovery, which is contained in the record, does not contain any exculpatory evidence.

**{¶29}** On the basis of the record before us, we cannot find that the trial court abused its discretion in overruling Ford's motion to continue as the trial court had ample reason to support its decision to deny Ford's motion to continue, and the trial court had explicitly stated to Ford that the July 7, 2014 trial date was firm. Ford simply failed to fully apprise his attorney of this fact, and admitted as much to the court on the date of trial. Accordingly, Ford's first and third assignments of error are overruled.

*Second Assignment of Error*

**{¶30}** In Ford's second assignment of error he argues that the trial court erred in overruling his motion to continue by not supporting its decision with findings of fact and conclusions of law.

**{¶31}** Ford does not cite any legal authority for the principle that the trial court must make findings of fact and conclusions of law in overruling a motion to continue in this instance. In addition, Ford never requested that the trial court issue findings of fact and conclusions of law. As we have been provided with no authority requiring the trial court to make such findings, we cannot find that the trial court erred in this instance. Accordingly, Ford's second assignment of error is overruled.

**{¶32}** For the foregoing reasons Ford's assignments of error are overruled and the judgment of the Defiance Municipal Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**